## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MANUEL GONZALEZ, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>PF HOMESTEAD, LLC, a Delaware limited liability company,<br><br>*Defendant.* | Case No. |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Manuel Gonzalez ("Gonzalez" or "Plaintiff") brings this class action under the Telephone Consumer Protection Act against Defendant PF Homestead, LLC d/b/a Planet Fitness ("Planet Fitness" or "Defendant"), to stop its practice of sending unauthorized and unwanted text messages promoting gym memberships, and to obtain redress for all persons similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. This case challenges Defendant Planet Fitness's practice of sending unsolicited text messages to consumers promoting memberships to its gym.

2. Planet Fitness's unsolicited texts violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation, nuisance, and invasions of privacy that result from the receipt of such text messages, lost value of cellular services paid for, and a loss of the use and

enjoyment of their phones, including wear and tear to their phones' data, memory, software, hardware, and battery components, among other harms.

3. Accordingly, Plaintiff seeks an injunction requiring Planet Fitness to cease sending unsolicited text messages to consumers, as well as an award of actual and/or statutory damages and costs.

## PARTIES

4. Plaintiff Manuel Gonzalez is a Miami-Dade County, Florida resident.

5. Defendant Planet Fitness, LLC is a Delaware limited liability company with a principal place of business in this District.

## JURISDICTION & VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Planet Fitness is headquartered here, and because Planet Fitness's unauthorized marketing scheme was directed by Defendant from and/or into this District, including to Plaintiff.

## FACTUAL ALLEGATIONS

8. Planet Fitness is a gym in South Florida.

9. This case arises from Planet Fitness's use of unsolicited autodialed text messages to promote memberships to its gym.

10. Planet Fitness does not obtain consent from consumers before sending consumers texts marketing its gym. And that is precisely what happened to Plaintiff.

11. On August 10, 2018, Planet Fitness sent 2 texts to Plaintiff's cellular phone number,

from short code 635-65, without Plaintiff's consent:



12.     Planet Fitness's unsolicited texts were a nuisance that aggravated Plaintiff, wasted his time, invaded his privacy, diminished the value of the cellular services he paid for, caused him to temporarily lose the use and enjoyment of his phone, and caused wear and tear to his phone's data, memory, software, hardware, and battery components.

13.     On information and belief, Planet Fitness, or a third-party acting on its behalf, sent substantively identical unsolicited text messages *en masse* to the cellular telephone numbers of thousands of consumers.  To the extent the text messages were sent on Planet Fitness's behalf to consumers, Planet Fitness provided the third-party access to its records, authorized use of its trade name, otherwise controlled the content of the messages, and knew of, but failed to stop, the sending of the text messages in violation of the TCPA.

14. In sending the unsolicited text messages at issue, Planet Fitness, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator. This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "STOP" or "HELP," the text messages' commercial and generic content, that substantively identical texts were sent to multiple recipients, and that they were sent from a short code, which is consistent with the use of an automatic telephone dialing system to send text messages.

15. Accordingly, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> All persons who, on or after four years prior to the filing of the initial complaint in this action, (1) were sent a text message to their cellular phone number by Planet Fitness or its agent, (2) using the same equipment used to send the text messages to Plaintiff, (3) for the purpose of soliciting their gym membership, (4) without their prior express written consent or with the same purported consent Planet Fitness claims to have obtained from Plaintiff, if any.

16. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

17. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent unsolicited text messages to thousands of individuals who fall into the Class definition. Class membership can be easily determined from Defendant's records.

18. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained the same damages as a result of Defendant's uniform wrongful conduct.

19. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a) How Defendant gathered, compiled, or obtained the cellular telephone numbers of Plaintiff and the Class;

   b) Whether the text messages were sent using an automatic telephone dialing system;

   c) Whether Defendant's text messages were sent for the purpose of marketing Defendant's products and/or services;

   d) Whether Defendant sent some or all of the text messages without the consent of Plaintiff and the Class; and

   e) Whether Defendant's conduct was willful and knowing such that Plaintiff and the Class are entitled to treble damages.

20. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

21. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

22. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Class)

23. Plaintiff repeats and realleges the allegations of paragraphs 1 through 22 of this complaint and incorporates them by reference.

24. Defendant and/or its agents agent transmitted text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Class using an automatic telephone dialing system.

25. These solicitation text messages were sent without the consent of Plaintiff and the other members of the Class.

26. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii), entitling Plaintiff and the Class to a minimum of $500, and a maximum of $1,500, in damages for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Gonzalez, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and his counsel as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial.

Dated: October 10, 2018.

By  /s/Avi R. Kaufman
Avi R. Kaufman (Florida Bar no. 84382)
**KAUFMAN P.A.**
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com

Scott A. Edelsberg (Florida Bar no. 100537)
**EDELSBERG LAW, PA**
19495 Biscayne Blvd #607
Aventura, Florida 33180
Telephone: (305) 975-3320
Email: scott@edelsberglaw.com

*Counsel for Plaintiff Manuel Gonzalez
and all others similarly situated*